UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELSIN AMAY SAMANIEGO and HENRY AMAY
SAMANIEGO, *individually and on behalf of all
others similarly situated*,

                                         Plaintiffs,

-v.-

HKS BUILDERS & CONSULTANTS INC., and
AMARJIT SINGH, as an individual,

                                        Defendants.

19 Civ. 10283 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

      The Court entered default judgment in this matter in favor of Plaintiffs Elsin Amay Samaniego and Henry Amay Samaniego on October 23, 2020, and directed Plaintiffs to submit a schedule of proposed damages, attorneys' fees, and costs. (Dkt. #17).[1] Plaintiffs filed their affirmation and supporting exhibits on November 24, 2020. (Dkt. #18). Defendants have contested neither imposition of the default judgment nor Plaintiffs' proposed damages, fees, and costs figures. This Order, which assumes familiarity with the underlying facts and procedural history of the case, resolves Plaintiffs' applications.

## DISCUSSION

**A.    Calculation of Damages**

      To determine the amount of damages that should be awarded on a default judgment, Federal Rule of Civil Procedure 55(b)(2) "leaves the decision

---

[1]     This case was initially brought as a collective action, but default judgment was entered, and damages are sought, only with respect to the two named Plaintiffs. Thus, any reference herein to "Plaintiffs" refers to the two named Plaintiffs.

of whether a hearing is necessary to the discretion of the district court." *Fustok* v. *ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Lenard* v. *Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012). And "[w]here, on a damages inquest, the plaintiff makes a damages submission and the defaulting defendant makes no submission in opposition and does not request a hearing, the court may determine the adequacy of the plaintiff's damages claim based on its submitted proofs." *Lenard*, 889 F. Supp. 2d at 527. The Court has reviewed the materials submitted by Plaintiffs' counsel and believes that no further inquest is necessary. (*See* Dkt. #18 (Affirmation of Roman Avshalumov ("Avshalumov Aff.") and exhibits)).

### 1. Unpaid Overtime Wages

An employee who brings an action under the Fair Labor Standards Act (the "FLSA") or the New York Labor Law (the "NYLL") for unpaid wages must prove that he performed the work and was not compensated properly for his time. *See Grochowski* v. *Phoenix Constr.*, 318 F.3d 80, 87 (2d Cir. 2003) (citing *Anderson* v. *Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)). Where, as here, Plaintiffs bring claims under both statutes, they "may not receive a 'double recovery' of back wages under both the FLSA and [the] NYLL." *Hernandez* v. *JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2016 WL 3248493, at *31 (S.D.N.Y. June 9, 2016) (quoting *Gen. Tel. Co. of the Nw., Inc.* v. *EEOC*, 446 U.S. 318, 333 (1980)); *cf. Rana* v. *Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam) ("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct.").

The FLSA requires an employer to "make, keep, and preserve" records of employee wages, hours, and employment conditions. 29 U.S.C. § 211(c). Under the FLSA, "[w]hen an employer fails to maintain accurate and complete records of the hours employees work and the amounts they are paid, the plaintiff-employee need only ... submit 'sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred.'" *Gonzalez* v. *Masters Health Food Serv. Inc.*, No. 14 Civ. 7603 (VEC), 2017 WL 3835960, at *16 (S.D.N.Y. July 27, 2017) (quoting *Reich* v. *S. New England Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997)). An employee discharges his burden at this first step "if he ... can prove that [he] 'in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *JRPAC*, 2016 WL 3248493, at *27 (quoting *Anderson*, 328 U.S. at 687). "This burden is 'not high' and may be met 'through estimates based on [the employee's] own recollection.'" *Id.* (quoting *Kuebel* v. *Black & Decker, Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)).

If an employee makes this showing, "[t]he burden then shifts to the employer to come forward [i] with evidence of the precise amount of work performed or [ii] with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *JRPAC*, 2016 WL 3248493, at *27 (quoting *Anderson*, 328 U.S. at 687-88). "If the employer fails to [do so], the court may then award damages to the employee, even though the result may be only approximate." *Id.* (quoting *Anderson*, 328 U.S. at 688).

"A similar standard applies to unpaid compensation claims under [the] NYLL." *Gonzalez*, 2017 WL 3835960, at *16; *see also Garcia* v. *JonJon Deli Grocery Corp.*, No. 13 Civ. 8835 (AT), 2015 WL 4940107, at *4 n.8 (S.D.N.Y. Aug. 11, 2015) ("Courts use the same burden-shifting framework to determine liability for unpaid overtime under the NYLL [and the FLSA]."). But under the NYLL, an employer who fails to keep accurate records shoulders a more stringent burden of proof. "NYLL § 196-a provides that where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.'" *Canelas* v. *World Pizza, Inc.*, No. 14 Civ. 7748 (ER), 2017 WL 1233998, at *9 (S.D.N.Y. Mar. 31, 2017) (quoting NYLL § 196-a(a)); *see also Gamero* v. *Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017). "If an employer cannot satisfy its burden under the FLSA, it cannot satisfy th[is] 'more demanding burden' of the NYLL." *Canelas*, 2017 WL 1233998, at *9 (quoting *Doo Nam Yang* v. *ACBL Corp.*, 427 F. Supp. 2d 327, 337 n.15 (S.D.N.Y. 2005)).

In light of Defendants' purported failure to keep and provide to Plaintiffs detailed pay records, and to dispute Plaintiffs' proffer of their unpaid wages, the Court accepts, as the best estimates of this information, the figures provided in Plaintiffs' counsel's affirmation and supporting exhibits. These materials reflect that Plaintiffs each worked 238.15 hours of overtime compensated at their regular wage rather than the 1.5x rate required by 29 U.S.C. § 207(a)(1) and N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.2. (Dkt. #18, Ex. B). From

its review of the evidence, the Court concludes that Plaintiffs are each entitled to **$8,930.63** in back wages.

### 2. Liquidated Damages

Under the terms of NYLL § 663, each Plaintiff is also entitled to liquidated damages "equal to one hundred percent of such underpayments found to be due," in the absence of a defense showing of "a good faith basis to believe that its underpayment of wages was in compliance with the law." *See Marcelino* v. *374 Food, Inc.*, No. 16 Civ. 6287 (KPF), 2018 WL 1517205, at *17-18 (S.D.N.Y. Mar. 27, 2018) (quoting NYLL § 663); *see also Rana*, 887 F.3d at 122-23. To present this defense, the employer must show that it "took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'" *Barfield* v. *N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (quoting *Herman* v. *RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). In addition, the employer must show that its good-faith actions were objectively reasonable. *RSR*, 172 F.3d at 142. The Second Circuit has observed that "the employer's burden [is] 'a difficult one,' emphasizing that 'double damages [are] the norm and single damages the exception.'" *Barfield*, 537 F.3d at 150 (quoting *RSR*, 172 F.3d at 142). Defendants have made no such showing in this case. Accordingly, during the relevant time period, Plaintiffs were each entitled to a liquidated damages award in the amount of 100 percent of back wages, which for each Plaintiff is **$8,930.63.**

### B. Penalties for Recordkeeping and Wage Statement Violations

The NYLL also requires employers to provide wage notices to employees at the time of hiring, as well as accurate wage statements at the time wages are paid. *See* NYLL §§ 195(1)(a) & (3). Plaintiffs have alleged that they received no such notices and statements either at the beginning or for the duration of their employment, and the Court has no basis to doubt these claims. Under NYLL § 198(1-b), employees are entitled to recover wage-notice statutory damages of $50 dollars "for each work day that the violations occurred or continue to occur," not to exceed $5,000. And under NYLL § 198(1-d), employees are entitled to recover wage-statement statutory damages of $250 dollars "for each work day that the violations occurred or continue to occur," not to exceed $5,000. Here, these two penalties require an additional **$10,000** award for each Plaintiff.

### C. Prejudgment Interest on Back Wages

Finally, employees may recover prejudgment interest with respect to their back wages, but not with respect to liquidated damages or violations of the wage statement or wage notice provisions. NYLL § 198(1-a); *Salustio* v. *106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 557 (S.D.N.Y. 2017). "New York law sets the relevant interest rate at nine percent per year." *Ortega* v. *JR Primos 2 Rest. Corp.*, No. 15 Civ. 9183 (JCF), 2017 WL 2634172, at *6 (S.D.N.Y. June 16, 2017) (citing N.Y. C.P.L.R. § 5004). To determine when prejudgment interest begins to accrue, "[c]ourts applying [the] NYLL in wage-and-hour cases 'often choose the midpoint of the plaintiff's employment within the limitations

period.'" *Hengjin Sun* v. *China 1221, Inc.*, No. 12 Civ. 7135 (RJS), 2016 WL 1587242, at *6 (S.D.N.Y. Apr. 19, 2016) (quoting *Tackie* v. *Keff Enters. LLC*, No. 14 Civ. 2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014)). Accordingly, the Court will award prejudgment interest on Plaintiffs' back wages, starting from the midpoint of each Plaintiff's employment, November 15, 2018.

**D.     Attorneys' Fees and Costs**

"Under both the FLSA and the NYLL, a prevailing plaintiff may recover his or her reasonable attorney's fees and costs." *Almanzar* v. *1342 St. Nicholas Ave. Rest. Corp.*, No. 14 Civ. 7850 (VEC) (DF), 2016 WL 8650464, at *12 (S.D.N.Y. Nov. 7, 2016) (citing *Najnin* v. *Dollar Mountain, Inc.*, No. 14 Civ. 5758 (WHP), 2015 WL 6125436, at *4 (S.D.N.Y. Sept. 25, 2015)); *see* 29 U.S.C. § 216(b); NYLL § 198(1-a).  The Court has discretion to determine the amount of attorneys' fees that would be appropriate to satisfy a fee award. *Hensley* v. *Eckerhart*, 461 U.S. 424, 437 (1983).

As a general matter, the "starting point" in analyzing whether claimed attorneys' fees are appropriate is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case[.]" *Millea* v. *Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008), and *Perdue* v. *Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)); *see generally Lilly* v. *City of New York*, 934 F.3d 222, 227-34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of

hours expended). The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable. *See Allende* v. *Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011).

Courts focus "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill*, 522 F.3d at 189. The reasonable hourly rate is "the rate a paying client would be willing to pay," bearing in mind that a "paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the court's discretion to reduce the requested rate. *See Savino* v. *Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998). Once a court has determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable. The court "should exclude excessive, redundant[,] or otherwise unnecessary hours[.]" *Quaratino* v. *Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *see generally Murray* v. *UBS Sec., LLC*, No. 14 Civ. 927 (KPF), 2020 WL 7384722, at *11-12 (S.D.N.Y. Dec. 16, 2020).

In addition to the lodestar amount, attorneys' fees may include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg* v. *Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citation omitted). These expenses, or "costs," include court filing fees. *Rosendo* v. *Everbrighten Inc.*, No. 13 Civ. 7256 (JGK) (FM), 2015 WL 1600057, at *9 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015).

The Court has reviewed the submissions of Plaintiffs' counsel documenting the hours worked and the activities performed in support of this action. (Avshalumov Aff., Ex. C). It accepts as a reasonable cost the filing fee of $400.00. It also accepts the figure of 24.6 hours expended by Plaintiffs' counsel (both attorneys and staff) on this case. However, it reduces the rates charged by Mr. Avshalumov and Mr. O'Donnell to $400 per hour and $225 per hour, respectively, to bring them in line with other decisions in this District. *See, e.g., Teofilo* v. *Real Thai Cuisine Inc.*, No. 18 Civ. 7238 (KPF), 2021 WL 22716, at *5, n.5 (S.D.N.Y. Jan. 4, 2021) (reducing senior partner's rate to $400 per hour and awarding $225 per hour for junior associate); *Guzman Iturbide* v. *Huntingwood, Inc.*, No. 18 Civ. 9036 (AJN), 2020 WL 4570492, at *2 (S.D.N.Y. Aug. 7, 2020) (awarding $400 per hour to senior partner and $250 per hour to associate); *Rosendo*, 2015 WL 1600057, at *9 (awarding $400 per hour to senior partner and $225 per hour to associate). The Court accepts as reasonable the rate of $75 per hour charged for paralegal time. Using these figures, the Court awards **$5,912.50** in attorneys' fees.

## CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiffs are entitled to relief on their claims for back wages, for wage notice and wage statement violations, and for attorneys' fees and costs. The Court awards to each Plaintiff an identical award comprising **$8,930.63** in back wages, with 9% prejudgment interest accruing from November 15, 2018; **$8,930.63** in liquidated damages; **$5,000** for Defendants' violation of NYLL § 195(1); and

**$5,000** for Defendants' violation of NYLL § 195(3).  This amounts to **$27,861.26** per Plaintiff and **$55,722.52** in total, not including interest.

The Court also awards attorneys' fees in the amount of **$5,912.50** and costs in the amount of **$400**.  "[I]f any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after the expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent."  NYLL § 198(4).

Finally, the Court awards post-judgment interest pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.  The Court directs Plaintiffs to transmit a copy of this Order to Defendants through any means they have previously used to communicate with Defendants.

SO ORDERED.

Dated: February 17, 2021
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge